UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HEALTHCARE SERVICES GROUP, INC., | Case No. 2:20-CV-50 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| MMMT CORPORATION, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Healthcare Services Group, Inc.'s ("plaintiff") motion for default judgment. (ECF No. 8).

Default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Obtaining a default judgment is a two-step process:

> First, the party seeking a default judgment must file a motion for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and, second, once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party.

*See UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 840 (S.D. Ill. 2006).

Plaintiff filed the instant action against defendants MMMT Corporation and Steven R. Pavlow (collectively "defendants") on January 9, 2020, as a result of defendants' nonpayment under several contracts with plaintiff. (ECF No. 1). Pavlow was served on January 12, and MMMT was served on January 14. (ECF Nos. 4; 5). Neither defendant appeared in this action, and the clerk entered default against them both. (ECF Nos. 6 (motion for entry of clerk's default); 7 (clerk's entry of default)).

**James C. Mahan**
**U.S. District Judge**

Plaintiff now moves for default judgment in the principal amount of $347,732.76 with an award of prejudgment interest through June 11, 2020 in the amount of $28,525.30. (ECF No. 8 at 8). Plaintiff also contends that it entitled to an award of its $15,659 attorneys' fees and its $600 in costs. *Id.* Lastly, plaintiff requests an award of post-judgment interest at the contractual rate of 18%. *Id.*

The court has reviewed the factors articulated by the Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986), and finds that default judgment is appropriate. The court finds that plaintiff's complaint is sufficient to state a cause of action for breach of contract, that plaintiff's substantive claims are meritorious, and that defendants' failure to respond does not appear to be the result of excusable neglect. Denying default judgment would prejudice plaintiff, and the court grants plaintiff's motion accordingly. The court now turns to the question of damages.

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. United States*, 323 U.S. 1, 12 (1944)). Entry of a default judgment for money is appropriate without a hearing if "the amount claimed is a liquidated sum or capable of mathematical calculation." *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

Plaintiff has provided the court with a calculation of its damages and evidence to support that calculation. (ECF No. 8 at 2–3). The court will award damages in full:[1] $347,732.76 in damages under the housekeeping agreement, the dining agreement, and the personal guaranty plus $28,525.30 of prejudgment interest. Defendants shall be jointly and severally liable for the total amount of $376,258.06. Post-judgment interest shall accrue at a rate of 18% per year.

The court declines to award attorneys' fees, however. Plaintiff correctly notes that the court applies Nevada law—which will enforce a contractual attorneys' fees provision according to its terms—to determine its eligibility for such an award. *Id.* at 5 (citing *Carnes v. Zamani*, 488

---

[1] The court declines to award costs in this motion. Plaintiff filed a bill of costs (ECF No. 11), which the clerk will address separately.

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  F.3d 1057, 1059 (9th Cir. 2007) and Nev. Rev. Stat. § 18.010(1)).  And plaintiff acknowledges
2  the requirements of Local Rule 54-14.  *Id.* at 6 (quoting LR 54-14).  LR 54-14 requires a party
3  seeking an award of attorneys' fees to include, *inter alia*, "[a] reasonable **itemization and**
4  **description of the work performed.**" LR 54-14(1).

5  Plaintiff does not provide this court with an itemization of its attorneys' fees.  Instead, it
6  summarily provides a total amount of $15,659 and the hourly rates of its attorneys and paralegal.
7  (ECF No. 8 at 7).  Plaintiff provides that "[a] multitude of daily tasks (telephone calls, written
8  correspondences, preparation of pleadings, etc.) had to be performed throughout this case"
9  without further explanation.  *Id.*  Craig Newman's affidavit in support of the request for
10 attorneys' fees does not provide any more description or clarification.  (*See* ECF No. 8-6).

11 Thus, without a proper itemization, the court will not award attorneys' fees.  The court
12 denies plaintiff's motion in part as to that request.  However, the court denies the request without
13 prejudice.  Plaintiff may refile an appropriate motion for attorneys' fees that includes an
14 itemization of its fees in compliance with LR 54-14.

15 Accordingly,

16 IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for
17 default judgment (ECF No. 8) be, and the same hereby is, GRANTED in part and DENIED in
18 part.

19 IT IS FURTHER ORDERED that plaintiff may file, within 14 days of this order, an
20 appropriate motion for attorney' fees.

21 The clerk is instructed to enter judgment and close the case accordingly.

22 DATED July 6, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -